Mr. Justice Sutton
delivered the opinion of the Court.
The case before us requires a determination of the question as to whether an agreement, such as is hereinafter set forth, constitutes a “release” or whether it is a “covenant not to sue.” The issue is important because therein lies the answer as to whether the City of Aurora can be sued in this action.
There is no dispute as to the facts of the case. They were incorporated in an agreed statement pursuant to Rule 112(e), R.C.P. Colo.
The record discloses that the plaintiff in error, Venetia Chandler, brought an action naming Virgil Salazar, The Denver Tramway Corp. and the City of Aurora as defendants. She alleged negligence on the part of each defendant or alternatively concurrent and joint negligence of all defendants. Chandler asserted further that she had received severe injuries as a result of a fall on some ice located at a bus stop in Aurora, Colorado. The issues were joined and trial was set for June 24, 1963. A short time prior to trial, Chandler, for an admitted *464 consideration of $2,500, entered into the following agreement with Tramway, to wit:
“COVENANT NOT TO SUE
“THIS AGREEMENT made and entered into this 20th day of June, 1963,
WITNESSETH:
“WHEREAS, Venetia Chandler has heretofore commenced an Action in the District Court for the County of Arapahoe, State of Colorado, being Civil Action No. 17995 against the City of Aurora, Denver Tramway Corporation and Virgil Salazar, its servant.
“WHEREAS, Denver Tramway Corporation and Virgil Salazar specifically deny that they are in any way liable to said Venetia Chandler as set forth in the Complaint in said Action; and
“WHEREAS, the said Venetia Chandler and Denver Tramway Corporation have reached a full and complete agreement pertaining to said Action,
“NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED AS FOLLOWS:
“In consideration of Ten Dollars ($10.00) and Other Good and Valuable Considerations, the receipt of which is hereby acknowledged, the undersigned, Venetia Chandler, for herself, her representatives, her heirs, assigns and personal representatives, does hereby agree and promises:
“(1) To dismiss said Civil Action No. 17995 as against the defendants Denver Tramway Corporation and Virgil Salazar, without prejudice.
“(2) To refrain from prosecuting any action against said Denver Tramway Corporation and Virgil Salazar in the above entitled action or in any other action which may hereafter be instituted by the said Venetia Chandler by reason of any matter, thing or cause heretofore occurring, including the fall which occurred on or about *465 March 1, 1962, at the approximate location of E. Colfax Ave. and Fulton St. southside, Aurora, Colorado.
/s/_
Venetia Chandler
Tn the presence of
/s/_
Attorney for Venetia Chandler”
At the time of the trial, and based upon the above agreement, Chandler, by written motion, moved to dismiss without prejudice her case against Tramway and Salazar, which motion was granted. Aurora, thereupon, orally moved for its dismissal, too, on the ground that the above agreement constituted a “release” of Tramway and its driver, Salazar. The trial court granted the motion. It is to this ruling that the plaintiff brings error.
In our view, the trial court erred in holding that the above instrument effected a release of Aurora. In Colorado we consider the “legal effect” of the alleged covenant. Here the provision in the instrument itself that the dismissal of the action against Salazar and Tramway was to be “without prejudice” is of extreme importance. This is so because it had the legal effect of keeping the cause of action alive. And, Section (2) of the covenant, which Aurora claims extinguished the cause of action, of course, does no such thing. All it does, if violated, is to give Tramway and Salazar a cause of action for breach of contract. Such wording is necessary to make the Covenant Not To Sue effective. This instrument nowhere sets out a condition either actually or impliedly so that it could be pleaded as a “defense in bar or abatement.”
The judgment is reversed and the cause is remanded with directions to permit Chandler to proceed to trial against Aurora.