## No. C-678

**Stanley Dworak and Marie Dworak v. Olson Construction Company, a Nebraska corporation**

(551 P.2d 198)

Decided June 21, 1976.

Hoffman, McDermott & Hoffman, Gerald P. McDermott, for petitioner.

Duane O. Littell, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review a decision of the court of appeals involving choice of law principles in interpreting the effect of a covenant not to sue in personal injury damage claim. *Dworak v. Olson Construction Company*, 35 Colo. App. 278, 533 P.2d 946 (1975). We reverse and remand.

This action arises out of an automobile collision. Stanley and Marie Dworak (petitioners), were struck by a vehicle operated by Horace Gourley, an employee of Olson Construction Company (respondent) on July 25, 1970. Petitioners allege that they sustained serious injuries, some of which are permanent.

Two and one-half years after the accident, petitioners settled their claim against Gourley, in consideration for which they executed a covenant not to sue. The document provided that they would refrain from

instituting any action on account of the accident and would hold both Gourley and his wife harmless from any damage. It did not contain a reservation of right to proceed against respondent.

Petitioners thereafter sued respondent on the theory of *respondeat superior*. The trial court granted respondent's motion for summary judgment on the ground that the covenant released not only the employee but his employer as well. The court of appeals affirmed, holding that the interpretation and effect of the agreement must be determined by the law of the state in which it was executed (Illinois). Under that state's law, in the absence of an express reservation of right to sue the employer, the latter is released from liability along with the employee executing the covenant.

The accident in question occurred in Oak Creek, Colorado. Gourley is a citizen of Colorado. Respondent, a Nebraska corporation, is authorized to do business in Colorado. The petitioners are citizens of Illinois.

I.

We hold that the court of appeals erred in determining the choice of law question with which it was faced.

■ Covenants not to sue and other contracts in regard to personal injury liability involve both tort and contract problems and will not be dealt with automatically according to the *lex loci contractus* (the law of the place where the contract was made). See R. Leflar, *American Conflicts Law*, § 133 (1968) and authorities cited therein.

Further, this court recently rejected the rule that the *lex loci delicti* (the law of the place of the wrong) automatically governed all multistate tort controversies. We adopted the approach taken in Sec. 145 of the Second Restatement on the Conflict of Laws — applying the law of the state with the most "significant relationship" with the occurrence and the parties. *First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973) and authorities cited therein.

■ We adopt this approach in the present case. See Sec. 170 of the Second Restatement, which in turn refers to Sec. 145. The latter section states as follows:

"The General Principle

"(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

"(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue."

In the present case both the negligent conduct and the accident occurred in Colorado. The Gourleys reside in Colorado, and respondent is authorized to do business in this state. The terms of the agreement were negotiated, in part, from Colorado; and the lawsuit, of course, was brought here. The fact that petitioners are residents of Illinois and that the covenant was executed there are not substantial enough factors to result in the application of the law of a foreign jurisdiction in this case.

## II.

■ The question which we must next determine is whether the law of this state gives parties who execute a covenant not to sue an employee the right to sue an employer on the theory of *respondeat superior* in the absence of an express reservation of the right to do so. This precise question has never been decided in Colorado. However, in *Chandler v. City of Aurora*, 158 Colo. 462, 407 P.2d 680 (1965), we held that a covenant not to sue a driver and transportation company, without a reservation of the right to sue other tort-feasors, did not have the effect of releasing a municipality from liability for personal injury damages. We now extend the holding of *Chandler* to the present situation involving the doctrine of *respondeat superior*.

We note that other jurisdictions similarly allow recovery against an employer following execution of a covenant not to sue an employee, even without an express reservation. See *Holve v. Draper*, 95 Idaho 193, 505 P.2d 1265 (1973), and *Centala v. Navrude*, 45 Mich. App. 282, 206 N.W.2d 544 (1973).

The judgment of the court of appeals is reversed with directions to remand to the trial court for further proceedings consistent with this opinion.

MR. JUSTICE ERICKSON does not participate.