The issue in this case is whether the doctrine of res judicata, or estoppel by judgment, bars an action seeking to establish title to land by adverse possession where a previous action involved title to the same land.
We hold the action is not barred, therefore, reverse and remand.
On 15 July 1968, W.E. Belcher Lumber Company, a Corporation, filed suit, in equity, in the Circuit Court of Chilton County, case No. 4217. The action sought to quiet title under Code of Ala., Tit. 7, § 1109, et seq., and to remove a cloud on title evidenced by a tax deed. W.E. Belcher Lumber Company claimed ownership because of a warranty deed to it of 30 April 1944. The land in suit was the northeast quarter of northeast quarter of fractional section 24, township 22, range 12, Chilton County, Alabama. Respondents named were Montreal Boyette Sandlin and Thomas Elbert Sandlin, widow and son of Elbert N. Sandlin, deceased, and his sole surviving heirs.
Answers of the Sandlins' disputed ownership of W.E. Belcher Lumber Company and claimed to own the land as heirs of Sandlin, deceased, because of a deed to him of 14 September 1960 from the purchaser at a tax sale. Neither W.E. Belcher LumberCompany nor the Sandlins asserted adverse possession for thestatutory period of ten years under the conditions of Code ofAla., Tit. 7, § 828, or for the common law prescriptive periodof 20 years or more.
On 14 December 1973, the 15 July 1968 suit of W.E. Belcher Lumber Company was, by consent, dismissed with prejudice. Previously, Hammermill Paper Company had acquired all the stock of W.E. Belcher Lumber Company, dissolved it and was conveyed the land on 23 December 1970. On 4 April 1975, Hammermill filed this action in the Chilton Circuit Court. It was against Mrs. Sandlin, now Mrs. Day, and Thomas Elbert Sandlin; it asserted ownership of the same land by virtue of a chain of conveyances beginning with government patents and culminating in conveyance from the trustees of W.E. Belcher Lumber Company, a dissolved corporation (the conveyance of 23 December 1970). In addition, Hammermill specifically claimed ownership by adverse possession for more than 21 years and made both claims the subject of statutory proceedings to quiet title as provided in Code of Ala., Tit. 7, § 1116, et seq.
Mrs. Day and Sandlin filed motions to dismiss, then a motion for summary judgment which was submitted with supporting evidence, heard, granted, and judgment entered accordingly. The basis for the motion was that the previous litigation adjudicated the issues about who owned the land. Hammermill urges to the contrary on this appeal.
Prior judgment will bar a subsequent action if the parties to, and subject matter of, the actions are the same; the *Page 168 
point in litigation is directly in question and the judgment is rendered on that point. Quinnelly v. City of Prichard, 292 Ala. 178, 291 So.2d 295 (1974); Bryan v. W.T. Smith Lumber Co.,278 Ala. 538, 179 So.2d 287 (1965); Ivey v. Wiggins, 271 Ala. 610,126 So.2d 469 (1961).
In this case the parties to, and subject matter of, the two actions are the same. Dismissal with prejudice of the prior action was an adjudication on its merits, both under old Equity Rule 75 and under Rule 41 (a)(1), ARCP. The question here is whether the point in litigation in this action was directly in question in the prior action; more importantly, could it have been directly in question? It could not.
In the prior action, W.E. Belcher Lumber Company never asserted title by adverse possession, either for the 20 years prescriptive period or for the ten year statutory period. The Sandlins did not and could not; Sandlins' grantor did not obtain the tax deed until 12 July 1960, the Belcher suit was filed 15 July 1968. Thus Hammermill's specific assertion, title by adverse possession for the prescriptive period, could not have been the point on which the prior judgment was rendered. There are questions as to material facts that were not raised in the prior action; indeed, as demonstrated, they could not have been. The questions are: Was Belcher-Hammermill in adverse possession and did they meet the criteria for a right to the property by prescription? In the Belcher case that was not adjudicated; the adjudication there was of the validity of titles derived from chains of conveyances.
There are disputed questions of fact and a trial should resolve them, therefore, summary judgment is inappropriate.Horton v. Northeast Alabama Regional Medical Center, Inc., 10 ABR 1350, Ala., 334 So.2d 885.
REVERSED AND REMANDED.
HEFLIN, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.