Thomas Allen Daugherty, individually and as guardian for Dana Wright Daugherty, non compos mentis, sued Joseph Thompson, Jr., Victor Munkus, and M-Earth of Alabama, Inc., for injuries sustained in an automobile-truck collision. Daugherty entered into a pro tanto release with Thompson and Munkus and proceeded against M-Earth under a respondeat superior theory of liability. The trial court granted M-Earth's motion for summary judgment.
On July 24, 1984, appellant's wife, Dana Daugherty, was hit while driving through an intersection, by a 30-ton dump truck operated in appellee's business. Mr. Thompson was driving the truck under the direction of its owner, Mr. Munkus. Daugherty alleges that Munkus was under contract to deliver sand for appellee, M-Earth, at the time of the accident. Mrs. Daugherty suffered severe internal injuries as a result of the collision and has been in a coma since that time. Her prognosis is not favorable and her husband expects she will require constant medical attention for the remainder of her life. He filed suit for these damages on November 16, 1984.
On October 8, 1985, Daugherty entered into a pro tanto release with Thompson and Munkus for the sum of $296,558. The release purported, by the following language, *Page 468 
to reserve all rights against other joint tort-feasors:
 "It is, however, expressly understood and agreed by the parties that the undersigned, individually, and as guardian of Dana Wright Daugherty, NCM, does not release from liability but expressly hereby reserves to himself, in both capacities, his heirs, legal representatives, and assigns, any and every claim or cause of action that the undersigned, in both capacities, now has or may hereafter have against any person, firm or corporation other than those herein expressly named and released, or any of them, or their respective heirs, legal representatives or assigns, on account of or in consequence of said accident or any bodily or other injuries sustained by the undersigned, individually, and Dana Wright Daugherty as a result of said accident."
M-Earth argues that Daugherty cannot release the "active tort-feasors" and impose liability on it under the doctrine of respondeat superior.
The question for this Court is whether Daugherty may execute a pro tanto release of Thompson and Munkus and reserve his rights against M-Earth.
Ala. Code 1975, § 12-21-109, provides:
 "All receipts, releases and discharges in writing, whether of a debt of record, a contract under sea] or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto."
Although this Court has never addressed the question of a pro tanto release of an agent while rights against the principal are reserved, the question has been decided in other states. Riviello v. Waldron, 47 N.Y.2d 297,391 N.E.2d 1278, 418 N.Y.S.2d 300 (1979), which involved a personal injury action against a tavern and its employee, held that release of the employee did not foreclose a right of action against the employer under a theory of vicarious liability. Florida TomatoPackers v. Wilson, 296 So.2d 536 (Fla.Dist.Ct.App. 1974), cert. denied, 327 So.2d 32 (Fla. 1976), which involved personal injuries suffered in an automobile accident, held that a release of the operator and the owner of the vehicle did not constitute a release of the packing company that had paid all of the expenses of operating the vehicle and acted as a joint venturer in its operation. These cases are in accord with our statute that gives effect to the terms of the release and intentions of the parties thereto.
This view is also supported by Dean Prosser:
 "The only desirable rule would seem to be that a plaintiff should never be deprived of a cause of action against any wrongdoer when the plaintiff has neither intentionally surrendered the cause of action nor received substantially full compensation. If the statutes are taken into account, this is now the rule actually applied in most American jurisdictions. Where there has been such full satisfaction, or where it is agreed that the amount paid under the release is so received, no claim should remain as to any other tortfeasor; but these are questions of fact, and normally to be determined by the jury, where the amount of the claim is unliquidated. The release, however, may very well be taken as a prima facie acknowledgement of satisfaction, and the burden placed upon the plaintiff to prove that it is not. The requirement that an express reservation of rights against other tortfeasors be inserted in the release itself seems unfortunate, when releases frequently are signed by plaintiffs ignorant of the law and without legal advice. If it is clear that the satisfaction received was understood to be only partial, it should not discharge the claim against the second tortfeasor."
Keeton, Prosser and Keeton on Torts, § 49, p. 335 (5th ed. 1984) (footnotes omitted).
This line of reasoning is especially persuasive in light of the fact that M-Earth was not a party to the release. M-Earth did not argue below or on appeal that the release constituted satisfaction of Daugherty's claim, nor did it argue that he intended to relinquish his right of action against M-Earth. Instead, M-Earth argues that release of the joint tort-feasors constitutes a release of it as "passive tort-feasor." This argument is refuted by the principles *Page 469 
of respondeat superior and is untenable under modern tort law. As the Texas Supreme Court said in Knutson v. MortonFoods, Inc., 603 S.W.2d 805, 807 (Tex. 1980), "The fact that an employee has been released in a settlement has no bearing on the continued liability of the employer unless the settlement is in full satisfaction of the plaintiff's claims against both the employee and the employer." As that Court explained, this should not be construed to mean that a plaintiff has two opportunities to prove the employee's negligence: "[W]here the employer's liability rests solely on respondeat superior, an adjudication acquitting the employee of negligence will stand as a bar to a subsequent suit against the employer." 603 S.W.2d at 807, citing Hammonds v. Holmes, 559 S.W.2d 345 (Tex. 1977).
By reserving his rights against M-Earth in the release executed with Thompson and Munkus, it is clear that Daugherty intended to reserve his right to bring an action against M-Earth. As this Court said in Steenhuis v. Holland, 217 Ala. 105,107, 115 So. 2, 3 (1927), "[I]t is the right of the injured party to accept satisfaction in part from one tort-feasor, release him, and proceed against the other. Such release operates in favor of such other only as satisfaction pro tanto." Citing Home Telephone Co. v. Fields, 150 Ala. 306,43 So. 711 (1907).
Ala. Code 1975, § 12-21-109, expressly states that pro tanto releases are to be given effect according to their terms and the parties' intent. Where a release expressly reserves rights against a joint tort-feasor, whether he is a principal, an agent or a joint venturer, it will be given effect according to its terms.
The judgment of the trial court is, therefore, reversed and the case is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.