The Issues Presented
I. Does the pro tanto release of the policeman driver and agent of the City of Birmingham release the city in regard to a cause of action based on the doctrine of respondeat superior?
We respond in the negative and reverse.
II. Does the amendment alleging independent acts of negligence against the city, based on the doctrine of joint tort-feasors, relate back to the filing of the original cause of action? We respond in the affirmative and reverse.
III. Does the timely filed notice of claim with the city, which did not specify the *Page 1263 
"joint tort-feasor" causes of action, bar the amendment? We respond in the negative and reverse.
IV. Does the timely filed notice of claim with the city by the father, on behalf of his then-minor son, bar the father's claim for medical bills paid by him on his son's behalf? We respond in the negative and reverse.
 Issue I
We recognize at the outset that Ala. Code 1975, § 12-21-109, modified the old common law concept prohibiting pro tanto settlements by injecting the "true intentions of the parties" standard into the interpretation of written releases. Steenhuisv. Holland, 217 Ala. 105, 115 So. 2 (1927). We note also that the pro tanto release here under consideration, by its express terms, releases only the city police officer, while reserving the right to proceed against the city.
The precise issue here presented (the validity vel non of a pro tanto release of the agent, reserving the right to proceed against the principal under a respondeat superior theory of liability) was decided by this Court in Daugherty v. M-Earth ofAlabama, Inc., 519 So.2d 467 (Ala. 1987), upholding the validity of the release and permitting the claimant to proceed against the principal. Most states that have addressed this issue have reached the same result.[1]
As to this issue, the judgment is reversed.
 Issue II
It goes without saying that the recasting of the question in terms of a claim against a joint tort-feasor (as opposed to liability based on imputed fault) does not produce a different result. Indeed, if the gravamen of the claim against the city is based upon the city's independent tort, all of the rationale in support of the validity of the pro tanto release under the imputed fault doctrine is strengthened when applied in the context of the principal's independent tort, and the pro tanto release is entitled to be enforced according to its terms. SeeSoutheastern Greyhound Lines v. Callahan, 244 Ala. 449,13 So.2d 660 (1943); and Louisville N.R. Co. v. Maddox, 236 Ala. 594,183 So. 849 (1938).
The issue, then, is whether the independent claim, which was added by amendment after the expiration of the then-existing one-year statute of limitations, was timely filed pursuant to the "relation back" doctrine of Rule 15(c), A.R.Civ.P. The term "independent claim," as used in the context of distinguishing an imputed negligence claim from a joint tort-feasor claim, does not of itself destroy the "[same] conduct, transaction or occurrence" criteria of Rule 15(c), A.R.Civ.P. The claimant's allegations that the city's negligent conduct in training and supervising its employee driver of a non-emergency vehicle, which concurred and combined with the negligence of its employee in causing the accident in question, while stating an independent claim in the joint tort-feasor sense discussed above, does not state a "new" cause of action so as to defeat the "relation back" standard of Rule 15(c), A.R.Civ.P.McClendon v. City of Boaz, 395 So.2d 21 (Ala. 1981).
As to Issue II, the judgment is reversed.
 Issue III
Appellant challenges the trial court's ruling to the effect that Ala. Code *Page 1264 
1975, §§ 11-47-23 and 11-47-192 (requiring that a sworn notice of claim for personal injuries be filed with the city within six months), was not complied with and thus the claimant's suit against the city was barred. The essence of the city's argument is that the claimant's timely filed sworn claim was for a cause of action on behalf of his minor son based on the theory of imputed fault; and that once the imputed fault theory is declared barred by the pro tanto release, the cause of action against the city as a joint tort-feasor is not covered by the notice of claim as required by § 11-47-192.
We reject this argument. The statutory requirement that "a sworn statement be filed . . . stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed" does not speak in terms of legal theories of recovery; rather, it speaks in terms of the physical facts surrounding the accident made the basis of the claim. Indeed, the purpose of the statutory claim is not to satisfy the niceties of legal pleading but to furnish the city with sufficient physical details of the accident to enable the city to investigate the claim and settle with the claimant if it deems such action appropriate. See Hunnicutt v. City of Tuscaloosa, 337 So.2d 346
(Ala. 1976).
The failure of the claimant to specify in his notice of claim the claimant's joint tort-feasor theory of recovery does not invalidate the statutory requisites of the claim so as to bar the claimant's right to proceed with his independent claim against the city. Thus, the trial court erred with respect to this issue.
 Issue IV
This issue is closely related to Issue III. The city contends that the claimant's statutory notice of claim was filed on behalf of his minor son for personal injuries and that the father's suit claiming medical expenses for his son's injury was not covered in his statement of claim filed with the city. Here, again, we disagree.
The statement of claim filed with the city detailed the son's injuries and claimed medical expenses therefor. This statement of claim was signed and sworn to by the father. The fact that the words "Dan T. Cox, Sr., as father and next friend of Daryl Dewayne Cox, Claimant" appear beneath the father's signature, affixed to the statutory statement of claim, does not invalidate the requisite elements of the claim so as to bar the father's suit for medical charges incurred because of his son's injuries. Thus, the trial court erred with respect to this issue.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] In addition to the cases cited in Daugherty, supra, seeKnutson v. Morton Foods, Inc., 603 S.W.2d 805 (Tex. 1980);Swanigan v. State Farm Ins. Co., 99 Wis.2d 179, 299 N.W.2d 234
(1980); Finney v. Farmer Ins. Co., 92 Wn.2d 748,600 P.2d 1272 (1979); In re Ray Korte Chevrolet v. Simmons, 117 Ariz. 202,571 P.2d 699 (1977); Alaska Airlines, Inc. v. Sweat,568 P.2d 916 (Alaska 1977); Dworak v. Olson Constr. Co.,191 Colo. 161, 551 P.2d 198 (1976); Riley v. Cincinnati, 46 Ohio St.2d 287, 348 N.E.2d 135 (1976); Craven v. Lawson,534 S.W.2d 653 (Tenn. 1976); Thomas v. Checker Cab Co., 66 Mich. App. 152,238 N.W.2d 558 (1975); Hovatter v. Shell Oil Co.,111 Ariz. 325, 529 P.2d 224 (1974); Edgar County Bank Trust Co.v. Paris Hospital, Inc., 57 Ill.2d 298, 312 N.E.2d 259 (1974);Henry v. Steeg Assoc. v. Rynearson, 143 Ind. App. 567,241 N.E.2d 888 (1968); Gomez v. City Transp. Co., 262 S.W.2d 417
(Tex.Civ.App. 1953); Hamburger v. Paterson Tallow Co.,122 N.J.L. 457, 5 A.2d 487 (1939); and Ellis v. Jewett Rhodes MotorCo., 29 Cal.App.2d 395, 84 P.2d 791 (1938).