MADDOX, Justice.
The only issue presented on this appeal is whether the pro tanto release of a servant will also release his master where only the servant was an active tort-feasor and the pro tanto release specifically reserves rights against the master. The facts of this case are not in dispute. Joseph Salter was injured when the motorcycle he was riding collided with an automobile driven by Charles Gill. At the time of the collision, Gill was the employee of A. Fraser Pattillo, Jr., Inc. (hereinafter “Pattillo”), which was doing business as Beltone Hearing Aid Center. Salter and his wife sued Gill and Pattillo, alleging that Gill was negligent and was acting in the line and scope of his duty for Pattillo at the time the accident occurred. The Salters executed a pro tanto release after settling with Gill and his insurance company. The release stated, inter alia:
“HOWEVER, IT IS UNDERSTOOD AND AGREED by the parties hereto that JOSEPH C. SALTER and SANDRA K. SALTER, their respective heirs, executors and administrators release only their claims against CHARLES E. GILL and PREFERRED RISK MUTUAL INSURANCE COMPANY and those claiming under them. JOSEPH C. SALTER and SANDRA K. SALTER expressly reserve all rights, claims, and causes of action that they may have against A. FRASER PATTILLO, doing business as BELTONE HEARING AID CENTER, or against any other individual, organization, or corporation, or their respective heirs, legal representatives, successors, or assigns. In addition, JOSEPH C. SALTER and SANDRA K. SALTER expressly reserve any right that they may have to proceed against any such other party.”
After this release was signed, the Pattil-lo corporation filed a motion for summary judgment contending that the release given to Gill also released it. It argued that it was only vicariously liable under the doctrine of respondeat superior and that the release of Gill, who was primarily liable, served to release it as well. The plaintiff, in an action such as this, should have only a single cause of action and any release should serve to extinguish any other claims, Pattillo argued. The trial judge granted the summary judgment and the Salters brought this appeal.
We hold that the release did not terminate the plaintiffs' rights against the master in this case and that the trial court erred in granting summary judgment in favor of defendant Pattillo.
We hold that Ala.Code 1975, § 12-21-109, is controlling on the issue:
“§ 12-21-109. Effect of written receipts, releases, discharges, and judgments entered pursuant to pro tanto settlements generally.
“All receipts, releases and discharges in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto. (Code 1852, § 2282; Code 1867, § 2685; Code 1876, § 3039; Code 1886, § 2774; Code 1896, § 1805; Code 1907, § 3973; Code 1923, § 7669; Code 1940, T. 7, § 381; Acts 1985, No. 85-517, p. 611.)”
In this case, the language of the release quoted above clearly shows that the Salters did not intend to release Pattillo, but expressly reserved all rights, claims and causes of action against it. The clear meaning of the terms of the settlement was to release only Gill, and not Pattillo. *932 Daugherty v. M-Earth of Alabama, Inc., 519 So.2d 467 (Ala.1987).
The judgment of the trial court is, therefore, due to be reversed and the case remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.