[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 189 
Margaret Melinda Hundley appeals the summary judgment entered in favor of J.F. Spann Timber, Inc. ("Spann Timber"), and Jody Frank Spann in a wrongful-death action she initiated against them following the death of her husband, James Edward Hundley, in an automobile accident. We affirm.
 I.
On January 30, 2002, a vehicle driven by James Hundley collided with a logging truck on State Highway 52 in Geneva County. The logging truck was owned by Spann Forestry, Inc., and, at the time of the accident, was being driven by Anthony D. Bradley, an employee of Spann Forestry. Spann Forestry is a sole proprietorship owned by John Wiley Spann, Jody Spann's brother. James Hundley was severely injured in the accident; he died on March 29, 2002, as a result of the injuries he suffered in the accident.
Before his death, James Hundley and his wife, Margaret Melinda Hundley, sued Spann Forestry in the Houston Circuit Court. The parties reached a settlement in that action, and, on October 22, 2002, the Houston Circuit Court entered an order stating that "[u]pon consideration and agreement of the parties, the above-styled action is hereby dismissed with prejudice as to Spann Forestry, Inc., and each party shall bear their own costs of court."
On January 30, 2004, Margaret Hundley filed a wrongful-death action in the Houston Circuit Court based on her husband's death. Among the defendants named in this action were Spann Timber and its owner Jody Frank Spann. In her wrongful-death action, Hundley alleged:
 "16. At all times material hereto, and prior to January 30, 2002, and on January 30, 2002, a relationship existed between Jody Frank Spann and/or J.F. Spann Timber, Inc., and John Wiley Spann and/or Spann Forestry, Inc., wherein each business owned and operated by Jody Frank Spann and John Wiley Spann, respectively, were intertwined, related and compatible with each other, with the operation of each business *Page 190 
being profitable and to the financial benefit of each of the aforesaid individuals and each aforesaid corporation, including the individual defendant, Jody Frank Spann, and the defendant corporation, J.F. Spann Timber, Inc.
 "17. Defendant, Jody Frank Spann and defendant, J.F. Spann Timber, Inc., exercised dominion, control, and authority as such principal over John Wiley Spann and Spann Forestry, Inc., so as to create and cause to exist, a principal-agency and/or master-servant relationship between defendant Jody Frank Spann and/or the defendant, J.F. Spann Timber, Inc., and John Wiley Spann and/or Spann Forestry, Inc., with Jody Frank Spann and his corporation being the principal and John Wiley Spann and his corporation being the servant or agent accordingly.
 "18. Defendant, Jody Frank Spann and/or defendant J.F. Spann Timber, Inc., exercised such dominion and control, including financial dominion and control, over John Wiley Spann and Spann Forestry, Inc., for the financial gain of defendant, Jody Frank Spann, and the defendant J.F. Spann Timber, Inc. Jody Frank Spann and/or J.F. Spann Timber, Inc., provided financial support, services, direction, authority, control and direction for John Wiley Spann and/or Spann Forestry, Inc. (owners of the log truck and trailer), in multiple and various ways. . . ."
On the motion of Jody Spann and Spann Timber, the case was subsequently transferred to the Geneva Circuit Court. On December 13, 2004, they filed their answer to the complaint, in which they denied that there was "any employer/employee or principal/agent or master/servant or joint venture relationship existing between John Wiley Spann and/or Spann Forestry, Inc., with Jody Frank Spann and/or J.F. Spann Timber, Inc." On December 28, 2004, Jody Spann and Spann Timber moved for a summary judgment on this same basis. After being granted more time in which to conduct discovery, Hundley filed her response opposing Jody Spann and Spann Timber's motion for a summary judgment on September 2, 2005. In that motion, she argued that the nature of the business relationship between Spann Forestry and Spann Timber was a question of fact for a jury. Following a hearing, the trial court denied the motion for a summary judgment.
On October 21, 2005, Jody Spann and Spann Timber filed a motion to reconsider and a renewed motion for a summary judgment. In those motions, they again denied any principal-agent or master-servant relationship with Spann Forestry and raised for the first time the additional argument that they were entitled to a summary judgment because the Hundleys' earlier action against Spann Forestry had been dismissed with prejudice, and, they claimed, "[t]he dismissal of the `agent/servant,' Spann Forestry, Inc., operates to exonerate the `principal/master' Jody F. Spann and J.F. Spann Timber, Inc." In conjunction with their motion, Jody Spann and Spann Timber submitted a copy of the order of the Houston Circuit Court dismissing with prejudice the Hundleys' claims against Spann Forestry.
On January 12, 2006, the trial court entered a summary judgment in favor of Jody Spann and Spann Timber stating that, although it had previously denied their motion on the basis that a question of fact existed as to whether a principal-agent relationship existed, it was now granting the motion based on Jody Spann and Spann Timber's new argument that the dismissal with prejudice of Spann Forestry in the Hundleys' first action precluded a later finding of liability against Jody *Page 191 
Spann and Spann Timber on the basis of respondeat superior. Hundley promptly moved the trial court to reconsider; however, on April 12, 2006, the trial court denied Hundley's motion and entered its final order, succinctly stating:
 "The court previously denied a motion for summary judgment filed by [Jody Spann and Spann Timber] and held that there was a jury question as to right of control.
 "If the case is tried to a jury and the jury found no right of control or no agency, etc., [Jody Spann and Spann Timber] win.
 "If the jury finds right of control, agency, etc., [Jody Spann and Spann Timber] still win as a result of the dismissal of the Houston County case with prejudice.
 "Therefore, the motion for reconsideration is hereby denied."
Hundley appeals.
 II.
The pertinent law governing our review of a summary judgment is as follows:
 "This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue: of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce `substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989); Ala. Code 1975, § 12-21-12. `[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871
(Ala. 1989)."
Dow v. Alabama Democratic Party, 897 So.2d 1035,1038-39 (Ala. 2004). Moreover:
 "A trial court decides a motion for summary judgment upon a consideration of whatever materials are submitted in support of or in opposition to the motion. Ex parte City of Montgomery, 758 So.2d 565 (Ala. 1999), and Moore v. Glover, 501 So.2d 1187 (Ala. 1986). The trial court cannot consider any facts not of judicial notice except those facts evidenced by materials contained in the trial court record upon submission of the motion for summary judgment. See Moore, supra. Likewise, the trial court cannot be reversed on any ground or argument not presented for or against the motion. MetFuel, Inc. v. Louisiana Well Service Co., 628 So.2d 601 (Ala. 1993), and Bevill v. Owen, 364 So.2d 1201 (Ala. 1979).
 "An appellate court can consider a fact to support or to undermine a summary judgment only to the extent that the record on appeal contains materials from the record before the trial court
evidencing that fact at the time of submission of the motion for summary judgment. Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala. 1991). Likewise, the appellate court can consider an argument against the validity of a summary *Page 192 
judgment only to the extent that the record on appeal contains material from the trial court record presenting that argument to the trial court before or at the time of submission of the motion for summary judgment. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala. 1992). On the other hand, an appellate court can affirm a summary judgment on any valid argument, regardless of whether the argument was presented to, considered by, or even rejected by the trial court. Ex parte Wiginton, 743 So.2d 1071 (Ala. 1999), and Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala. 1988)."
Ex parte Ryals, 773 So.2d 1011, 1013 (Ala. 2000).
 III. Alfa Life Insurance Corp. v. Jackson, 906 So.2d 143
(Ala. 2005), was the only case cited by Jody Spann and Spann Timber in support of their argument that the dismissal of Spann Forestry (the agent) with prejudice in the Hundleys' first action served to exonerate them (the principal) of any future liability. In Jackson, this Court considered whether the dismissal with prejudice of tort claims against Rickey English, an insurance agent with Alfa Life Insurance Corporation, exonerated Alfa from vicarious liability for those same torts. We concluded:
 "The dismissal with prejudice of the claims alleged against English — the torts of fraud and negligent or wanton failure to procure insurance — constituted an adjudication on the merits to the effect that English was not guilty of committing either of those torts. Therefore, Alfa could hardly be guilty of committing those same torts by and through the agency of English and thus could not be vicariously liable for those torts under the doctrine of respondeat superior.
 . . .
 "The plaintiffs cite Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993), USA Petroleum Corp. v. Hines, 770 So.2d 589
(Ala. 1999), Daugherty v. M-Earth of Alabama, Inc., 519 So.2d 467 (Ala. 1987), and Salter v. A. Fraser Pattillo, Jr., Inc., 519 So.2d 930
(Ala. 1988), for the proposition that the dismissal with prejudice of the tort claims against the agent English did not exonerate the principal Alfa from vicarious liability for those alleged torts. These four precedents, however, are distinguishable from the case now before us.
 "While in each of Cottingham and Hines the trial court, on the plaintiff's motion, dismissed one or more tort claims against the agent and allowed the plaintiff to proceed against the principal, neither case states that the dismissal was with prejudice. For all that appears in either case, the trial court dismissed the tort claim or claims against the agent without prejudice, while in the case now before us the trial court dismissed the tort claims against the agent with prejudice. Although a dismissal without prejudice does not constitute an adjudication on the merits, Smith v. Union Bank Trust Co., 653 So.2d 933, 935 (Ala. 1995), a dismissal with prejudice does, Hammermill Paper Co. v. Day, 336 So.2d 166, 168 (Ala. 1976).
 "In Daugherty and Salter the pertinent issue was whether a pro tanto release of an agent from tort claims exonerated the principal from vicarious liability for those alleged torts. Each release expressly reserved the tort claims against the principal. In each case this Court held that it was bound by § 12-21-109, Ala. Code 1975,[1] to *Page 193 
honor the express reservation of the tort claims against the principal. Because the plaintiffs in the case now before us did not, in any release governed by § 12-21-109, expressly reserve their tort claims against Alfa, those tort claims are not preserved by the holding of Daugherty and Salter, and likewise those two precedents are not affected by the holding; exonerating Alfa from the tort claims in the case now before us.
 "Thus, we conclude that the dismissal with prejudice of the tort claims against the agent English exonerated the principal Alfa from vicarious liability for those alleged torts and entitled Alfa to a [judgement as a matter of law] on the tort claims."
Jackson, 906 So.2d at 154-55. Jackson, therefore, establishes that if all tort claims against an agent are dismissed with prejudice, then a subsequent tort claim based on the same facts will not lie against the agent's principal unless in conjunction with the dismissal with prejudice the parties entered into a settlement agreement that expressly reserved the claimant's right to pursue claims against the principal.
The order of dismissal in the Hundleys' first action clearly stated that Spann Forestry was being dismissed with prejudice. Therefore, the operative inquiry is whether, in the settlement agreement that precipitated that dismissal, Hundley expressly reserved the right to pursue tort claims against other parties, i.e., Jody Spann and Spann Timber. This Court cannot conclude that such a reservation was made because the settlement agreement was never made a part of the official court record. Neither is there any affidavit or other admissible evidence describing the terms of the settlement agreement. Hundley's attorney states that the settlement agreement expressly reserved the right to pursue tort claims against other parties; however, as we have stated many times, arguments of counsel are not evidence. See, e.g., Ex parte Coleman,861 So.2d 1080, 1084 (Ala. 2003). Hundley further argues that the failure to submit the written agreement into the record is of no consequence because the terms of the settlement agreement were "assumed, presumed, and admitted in the trial court for purpose of argument." However, as we stated in Ryals,773 So.2d at 1013, "[a]n appellate court can consider a fact to support or to undermine a summary judgment only to theextent that the record on appeal contains materials from therecord before the trial court evidencing that fact at the timeof submission of the motion for summary judgment" (some emphasis added).
In the present case, there was no admissible evidence before the trial court, nor was there a stipulation or agreement entered on the record, that would indicate that in the settlement agreement Hundley reserved a right to pursue the same claims against Jody Spann and Spann Timber. Accordingly, under Ryals, we cannot "undermine" the summary judgment entered by the trial court based on that unproven fact. Based on the evidence in the record, the summary judgment entered by the trial court was correct and must be affirmed.[2] *Page 194 
 IV.
Hundley's wrongful-death claim against Jody Spann and Spann Timber was premised on their vicarious liability for the tort allegedly committed by Spann Forestry. However, Jody Spann and Spann Timber have made a prima facie showing that Spann Forestry was dismissed with prejudice from a separate action based on the same set of facts. Accordingly, they argue, they cannot be vicariously liable for Spann Forestry's actions under the doctrine of respondeat superior. Hundley has failed to rebut the prima facie showing made by Jody Spann and Spann Timber with substantial evidence indicating that her claims against them survived the dismissal with prejudice of Spann Forestry. Accordingly, Jody Spann and Spann Timber were entitled to a judgment as a matter of law, and the summary judgment entered by the trial court was proper.
AFFIRMED.
SEE, HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Section 12-21-109, Ala. Code 1975, states that "[a]ll receipts, releases and discharges in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto."
[2] After Jody Spann and Spann Timber filed their motion to reconsider and their renewed motion for a summary judgment based on the authority of Jackson, Hundley could have filed a response accompanied by evidence establishing that she did, in the settlement agreement releasing Spann Forestry from liability on her claim against it, reserve the right to pursue claims against other parties. She did not do so. Neither did she submit such evidence in the motion for reconsideration she filed after the trial court granted Jody Spann and Spann Timber's motion for a summary judgment.