BRYAN, Judge.
 

 Hathcock Roofing & Remodeling Company, Inc. (“Hathcock Roofing”), appeals from a summary judgment entered in favor of Compass Bank. We reverse and remand.
 

 In April 2006, Hathcock Roofing contracted with Larry Sample and his wife Mary Sample to perform repairs to the Samples’ house, which had' been damaged by fire. The Samples’ insurance company issued a check in the amount of $105,000 to pay for the repairs to the house. The check listed as payees the Samples; Hath-cock Roofing; Compass Bank, which held a first mortgage on the house; and a second mortgagee. Based on the record on appeal before us, it appears that, after obtaining the endorsement of the other payees, the Samples opened an account at Compass Bank and deposited the $105,000 check into that account. Shortly thereafter, Mary Sample gave Hathcock Roofing a check drawn from the bank account in the amount of $70,000, leaving $35,000 in
 
 *1099
 
 the account. A dispute subsequently arose between the Samples and Hathcock Roofing regarding the repair work that Hath-cock Roofing had contracted to perform on the house. The Samples later withdrew the $35,000 from the bank account.
 

 In October 2006, Hathcock Roofing sued the Samples and Compass Bank, seeking to recover the $35,000 that the Samples had withdrawn from the bank account. The complaint alleged claims of fraud and breach of contract against the Samples. The complaint also alleged a negligence claim against Compass Bank; that claim alleged that Compass Bank had “negligently paid to the ... Sample[s] the ... $35,000 without the consent of [Hathcock Roofing] ..., without obtaining a lien release[,
 
 [1]
 
 ] and without notifying [Hathcock Roofing].” The Samples later asserted counterclaims against Hathcock Roofing, alleging that it “[had] failed to furnish the goods and services specified, [had] failed to complete the job, [and had] further damaged the Samples’ property.”
 

 Hathcock Roofing and the Samples subsequently entered into a pro tanto release and settlement agreement (“the release”). In the release, Hathcock Roofing agreed to dismiss its claims against the Samples, to remove its lien filed against the Samples’ property, and to pay $25,000 to the Samples. In exchange, the Samples agreed to dismiss their counterclaims against Hath-cock Roofing. The release also provided:
 

 “It is understood and agreed by the Samples that this settlement is the compromise of disputed claims and that the payment is NOT to be construed as an admission of liability on the part of the RELEASED PARTIES who expressly deny that they breached any duty, or otherwise committed any wrongful act or omission, or were otherwise liable in any fashion....
 

 [[Image here]]
 

 “[A]ll claims made by Hathcock [Roofing] against Compass Bank shall be maintained and [are] not affected by the terms of this Release.
 

 “[I]t is expressly understood and agreed that any and all claims Hathcock [Roofing] may have against Compass Bank shall remain in full force and effect and are in no way affected by the terms and conditions of this Release.”
 

 (Capitalization in original; bold typeface omitted.)
 

 Pursuant to a pro tanto joint stipulation of dismissal, the trial court subsequently dismissed all claims in this case other than Hathcock Roofing’s negligence claim against Compass Bank. Compass Bank filed a motion for a protective order seeking a stay of discovery, which the trial court granted. Compass Bank then moved for a summary judgment on the ground that the release between Hathcock Roofing and the Samples barred Hathcock Roofing’s negligence claim against Compass Bank as a matter of law. The summary-judgment motion asserted that, because Hathcock Roofing had resolved its dispute with the Samples by agreeing to pay the Samples $25,000, Hathcock Roofing could not establish that it was owed the $35,000 that it alleged Compass Bank had negligently released to the Samples. After Hathcock Roofing filed a response to the summary-judgment motion, the trial court entered a summary judgment in favor of Compass Bank. Hathcock Roofing appealed to the supreme court, and the supreme court transferred the appeal to
 
 *1100
 
 this court, pursuant to § 12-2-7(6), Ala. Code 1975.
 

 “Summary judgment is appropriate only when ‘there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P., and
 
 Dobbs v. Shelby County Econ. & Indus. Dev. Auth.,
 
 749 So.2d 425 (Ala.1999). ... In reviewing a summary judgment, an appellate court,
 
 de novo,
 
 applies the same standard as the trial court.
 
 Dobbs, supra.”
 

 Bruce v. Cole,
 
 854 So.2d 47, 54 (Ala.2003).
 

 On appeal, Hathcock Roofing argues that the trial court erred in entering a summary judgment in favor of Compass Bank on Hathcock Roofing’s negligence claim. Compass Bank argues, as it did in moving for a summary judgment, that Hathcock Roofing’s claim against it is barred as a matter of law. In moving for a summary judgment, Compass Bank argued that, because Hathcock Roofing paid the Samples $25,000 pursuant to the release, Hathcock Roofing cannot prove that the Samples owed it the $35,000 that Hath-cock Roofing alleged Compass Bank negligently released to the Samples. Compass Bank argued:
 

 “[I]n the battle between the principal parties in this dispute over the $35,000, Hathcock Roofing voluntarily agreed that the Samples did not owe it this money and that, instead, it owed money to the Samples. In such a situation, it is legally impossible for Hathcock Roofing to maintain its claim against Compass [Bank] for having allowed the Samples to withdraw those funds in the first place.
 

 [[Image here]]
 

 “[The release] between Hathcock Roofing and the Samples conclusively establishes that Hathcock Roofing can never prove the Samples owed it the $35,000.”
 

 Therefore, Compass Bank argued, the terms of the release indicate that Hath-cock Roofing’s negligence claim against Compass Bank is barred as a matter of law.
 

 However, we do not read Hathcock Roofing’s agreeing, pursuant to the release, to pay the Samples as being tantamount to Hathcock Roofing’s agreeing that it was not owed the $35,000. Instead, the release provided that “the payment is NOT to be construed as an admission of liability on the part of the RELEASED PARTIES who expressly deny that they breached any duty, or otherwise committed any wrongful act or omission, or were otherwise liable in any fashion.” (Capitalization in original; bold typeface omitted.) The release further stated that “all claims made by Hathcock [Roofing] against Compass Bank shall be maintained and [are] not affected by the terms of this Release.” Section 12-21-109, Ala.Code 1975, provides: “All receipts, releases and discharges in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto.” In the release, Hathcock Roofing expressly denied any liability and expressly reserved its claim against Compass Bank. Consequently, we do not view Hathcock Roofing’s agreeing in the release to pay the Samples as precluding its negligence claim against Compass Bank. The release should be given effect according to its terms and the intent of the parties to the release. § 12-21-109. In this case, the release preserves Hathcock Roofing’s claim against Compass Bank; it does not extinguish that claim.
 
 See Daugherty v. M-Earth of Alabama, Inc.,
 
 519 So.2d 467, 469 (Ala.1987) (applying § 12-21-109 in
 
 *1101
 
 favor of a plaintiff when, pursuant to a pro tanto release, the plaintiff released claims against some alleged tortfeasors but expressly retained a claim against another alleged tortfeasor);
 
 Salter v. A. Fraser Pattitto, Jr., Inc.,
 
 519 So.2d 930 (Ala.1988) (presenting a situation analogous to
 
 Daugherty
 
 and stating that, pursuant to § 12-21-109, a pro tanto release reserving claims must be given effect according to its terms); and
 
 Johnson v. Collier,
 
 567 So.2d 1311 (Ala.1990) (same).
 

 In moving for a summary judgment, Compass Bank argued only that Hathcock Roofing’s claim against it is barred as a matter of law because Hathcock Roofing paid the Samples $25,000, pursuant to the terms of the release. It does not appear that Compass Bank argued that Hathcock Roofing failed to present evidence establishing any essential element of its negligence claim. Indeed, such an argument would have been premature considering that discovery had been stayed in order for Compass Bank to move for a summary judgment on the ground that it asserted. Compass Bank explained its strategy in the brief supporting its summary-judgment motion:
 

 “As explained in its motion for protective order [seeking a stay of discovery], Compass [Bank] asserts this ground for summary judgment first because it can be decided as a matter of law without any further discovery.
 

 “By moving for summary judgment on this ‘settlement’ issue, Compass [Bank] does not waive, but specifically reserves, its right to move for summary judgment on other issues in this case, including the issue of whether Compass [Bank] owed a duty to Hathcock Roofing not to release the funds. For the present, and pursuant to its motion for protective order, Compass [Bank] is not moving for summary judgment on this issue or any others because Hathcock Roofing has requested deposition discovery on the duty issue. If the Court determines that summary judgment is not due on the ‘settlement’ issue, Compass [Bank] intends to file for summary judgment based upon these additional grounds after allowing whatever discovery is appropriate.”
 

 Because Compass Bank did not move for a summary judgment on the ground that Hathcock Roofing’s evidence was insufficient to establish an essential element of its negligence claim, the burden never shifted to Hathcock Roofing to offer substantial evidence in support of those elements. Therefore, we cannot consider affirming the trial court’s judgment on the basis of this unasserted ground at this time.
 
 See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C.,
 
 881 So.2d 1013, 1020 (Ala.2003) (“[An appellate court] will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.... This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an af-firmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment ... or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element....”).
 

 For the foregoing reasons, we reverse the summary judgment, and we remand the case to the trial court.
 

 REVERSED AND REMANDED.
 

 
 *1102
 
 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Hathcock Roofing had filed a lien against the Samples' property to secure the $35,000 allegedly owed by the Samples to Hathcock Roofing.