A91A1420. BENNETT v. NELSON.
(414 SE2d 291)

CARLEY, Presiding Judge.

Plaintiff-appellant filed suit, seeking to recover for injuries she allegedly suffered in an automobile collision. Appellee-defendant was not served until 5 months after the complaint had been filed and 49 days after the applicable two-year statute of limitations had run. In her original answer, appellee did not raise a statute of limitations defense. She did, however, amend her answer to raise that defense prior to the entry of any pretrial order. Thereafter, appellee filed a motion to dismiss on the ground that the statute of limitations had run before she was served. Appellant appeals from the trial court's grant of appellee's motion.

1. It is immaterial that, in her original answer, appellee did not raise the OCGA § 9-11-12 (b) (5) defense of insufficiency of service of process. "Regardless of its timeliness, personal service was eventually perfected on [appellee]. Thus, no ground existed for any objection to the method of service. The motion to dismiss was brought on the ground that the action is barred by the statute of limitation[s] and [appellee's] right to dismissal on this ground was not waived." *Starr v. Wimbush,* 201 Ga. App. 280, 281 (1) (410 SE2d 776) (1991).

2. "The determination of whether the plaintiff was guilty of

laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138) (1984). The instant record may show that appellant "made steady efforts . . . to discover [appellee's] whereabouts. [However, since] this [is] all the record [shows,] we [are] constrained to hold the trial judge did not abuse his discretion because the evidence [does] not demand a finding of due diligence. [Cit.]" *Starr v. Wimbush*, supra at 281 (2). See also *Shears v. Harris*, 196 Ga. App. 61 (395 SE2d 300) (1990); *Early v. Orr*, 135 Ga. App. 887 (219 SE2d 622) (1975).

*Judgment affirmed. Judge Arnold Shulman concurs. Beasley, J., concurs in Division 1 and in the judgment.*

DECIDED DECEMBER 2, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 —

*Glenville Haldi*, for appellant.
*Murray & Temple, Gregg P. Counts*, for appellee.