A96A1502, A96A1503. HOSPITAL AUTHORITY OF CALHOUN COUNTY v. WALKER; and vice versa.

(480 SE2d 849)

ANDREWS, Judge.

In Case No. A96A1502, the Hospital Authority of Calhoun County d/b/a Calhoun County Emergency Medical Service (hereinafter Hospital Authority) appeals the judgment entered on a jury verdict finding that Rosalyn Walker (hereinafter Walker) was entitled to damages as a result of an automobile accident between herself and Willie Murry, an ambulance driver employed by the Hospital Authority. Hospital Authority brings one enumeration of error, contending that the trial court erred in denying its alternative motions for judgment notwithstanding the verdict or a new trial.

In Case No. A96A1503, Walker appeals from the trial court's denial of her motion for prejudgment interest.

*Case No. A96A1502*

1. In deciding whether the court should have granted a motion for j.n.o.v., "[t]he primary question for determination is whether the evidence introduced, with all reasonable deductions . . . demanded a verdict for the defendant, as the standards for granting a motion for judgment n.o.v. are the same as those governing direction of a verdict. The motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one way' verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts." (Citations and punctuation omitted.) *Famiglietti v. Brevard Med. Investors, Ltd.*, 197 Ga. App. 164 (1) (397 SE2d 720) (1990). Accordingly, the evidence at trial, viewed in the light most favorable to the jury's verdict, was as follows.

Walker brought suit against Hospital Authority and Willie

Murry for injuries suffered as a result of a collision between her automobile and the ambulance driven by Murry. Walker alleged a negligence claim against Murry and sued the Hospital Authority under a claim of respondeat superior. Walker first brought suit on July 6, 1989, in the Superior Court of Calhoun County (Civil Action File No. 89-V-077). That suit was voluntarily dismissed before a judgment was made. Walker brought suit again alleging the same claims against the Hospital Authority and Murry on July 6, 1990, in the Superior Court of Dougherty County (Civil Action No. 90-CV-2953). This suit was voluntarily dismissed as well. Walker brought this current action on April 12, 1991, in the State Court of Dougherty County (Civil Action No. 91-SCV-0218). It was transferred to the Superior Court of Calhoun County to obtain proper venue (Civil Action File No. 93-V-105).

During opening statements of this current action, Walker dismissed her claims against Murry for a third time. This appeal arises out of the Hospital Authority's claim that the third dismissal of Murry acts as a judgment on the merits in his favor, thus barring further suits against him. It is the Hospital Authority's contention that such a dismissal of their employee bars recovery against them under the doctrine of respondeat superior.

2. OCGA § 9-11-41 (a) states that a plaintiff may voluntarily dismiss an action without order or permission of the court, subject to limitations not applicable here. Such a dismissal is without prejudice, except that the filing of a third notice of dismissal operates as an adjudication upon the merits. In the instant case, by operation of OCGA § 9-11-41, the third voluntary dismissal of the action against Murry acts as an adjudication on the merits of the action against him. Thus, the doctrine of res judicata bars Walker from bringing action against Murry on the same claims a fourth time.

It is the Hospital Authority's contention that this third dismissal of Murry, which invokes the doctrine of res judicata, also acts as a bar as to Walker's claim of respondeat superior.

The complaints in this case and the previous two are against Murry for negligence and the Hospital Authority for negligence under the doctrine of respondeat superior. The Hospital Authority contends that the dismissal of the claim against Murry for the third time acts as an adjudication on the merits against the driver and, therefore, bars Walker from recovery under the doctrine of respondeat superior since the Hospital Authority derives its liability from Murry.

A dismissal with prejudice operates as an adjudication on the merits. *Marchman & Sons v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983). "OCGA § 9-11-41 (a) provides that a plaintiff's third voluntary dismissal, *without order of the court*, operates as an adjudica-

tion upon the merits. This statute thus makes a third voluntary dismissal a dismissal with prejudice. . . . *T.V. Tempo v. T.V. Venture,* 182 Ga. App. 198, 199-201 (1) (355 SE2d 76) (1987)." *Fowler v. Vineyard,* 261 Ga. 454, 456 (2) (405 SE2d 678) (1991); *Zohoury v. Zohouri,* 218 Ga. App. 748, 749 (463 SE2d 141) (1995). Thus, the dismissal of Murry for the third time, which is an adjudication on the merits under OCGA § 9-11-41, is legally a dismissal with prejudice.

Dismissal of an action against a defendant with prejudice operates as an adjudication of the nonliability of that defendant to the plaintiff and is a judgment on the merits. *Rowland v. Vickers,* 233 Ga. 67, 68 (209 SE2d 592) (1974).

"[W]here the liability of the master to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, a judgment on the merits in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person. . . ." *Gilmer v. Porterfield,* 233 Ga. 671, 673 (1) (212 SE2d 842) (1975); *Roswell &c. Liquor Store v. Schurke,* 137 Ga. App. 145, 148 (1) (222 SE2d 847) (1975); *Southern Bell Tel. &c. Co. v. Wallace,* 133 Ga. App. 213, 216 (2) (210 SE2d 347) (1974); see *Thornton v. Ware County Hosp. Auth.,* 215 Ga. App. 276, 277 (1) (450 SE2d 260) (1994).

Therefore, the court should have granted j.n.o.v. to the Hospital Authority.

### Case No. A96A1503

3. Our decision in Case No. A96A1502 renders moot the appeal in Case No. A96A1503, and it is hereby dismissed.

*Judgment reversed in Case No. A96A1502. Appeal dismissed in Case No. A96A1503. Pope, P. J., and Smith, J., concur.*

DECIDED DECEMBER 5, 1996 —
RECONSIDERATION DENIED DECEMBER 20, 1996 —

*W. Earl McCall,* for appellant.
*B. T. Edmonds, Jr., Norman J. Crowe, Jr.,* for appellee.