A98A0095. WILSON v. ORTIZ et al.
(501 SE2d 247)

ELDRIDGE, Judge.

This appeal originates from a suit concerning a collision between a car driven by the plaintiff, Darin S. Wilson, and a truck owned by defendant Evergreen Environments, Inc. ("Evergreen") and driven by Evergreen's employee, defendant Benjamin Ortiz. Plaintiff brought

suit against Ortiz alleging he was negligent in causing the collision and brought suit against Evergreen on the theory of vicarious liability. In the complaint, plaintiff asserts claims for both personal injury and property damage.

The defendants filed a combined motion for summary judgment on behalf of Evergreen and motion to dismiss on behalf of Ortiz. Thereafter, the plaintiff amended his complaint to set forth an additional theory of recovery against Evergreen for its own independent acts of negligence, i.e., putting an unsafe vehicle on the road and negligent entrustment of a vehicle. The trial court dismissed Ortiz with prejudice for failure of the plaintiff to perfect proper service until more than five months after the expiration of the statute of limitation and granted summary judgment in favor of Evergreen on the merits of plaintiff's claims and dismissed Evergreen with prejudice. It is from this order that the plaintiff appeals.

1. The plaintiff alleges that the trial court erred in finding that the plaintiff failed to exercise due diligence in perfecting service on Ortiz after the running of the statute of limitation and in dismissing Ortiz for lack of service.

(a) The statute of limitation for a personal injury action is two years. OCGA § 9-3-33. The subject collision occurred on January 17, 1994. Plaintiff filed suit on January 12, 1996, five days before the applicable statute of limitation ran. Service was not perfected on Ortiz until June 22, 1996.

"Where service is made, as here, after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute, but only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible. The plaintiff also has the burden of showing lack of fault. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, [the] plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, [the] plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. Further, . . . [the] plaintiffs have the responsibility to investigate and learn where the defendant may be located and served." (Citations and punctuation omitted.) *Patterson v. Johnson*, 226 Ga. App. 396, 397-398 (486 SE2d 660) (1997). "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and

punctuation omitted.) *Sykes v. Springer*, 220 Ga. App. 388, 390 (469 SE2d 472) (1996).

In the case before us, when plaintiff filed suit on January 12, 1996, he requested that Ortiz be served at the address of 2550 Hargrove Road, Apartment 202P, Smyrna, Georgia, 30080. On January 18, 1996, one day after the statute of limitation ran on plaintiff's personal injury claim, the sheriff's department returned service "nonest," indicating lack of service. The plaintiff then attempted to find an address for Ortiz through the phone book. Finally, on February 6, 1996, the plaintiff retained a private process server and detective to locate Ortiz. During the course of the private process server's investigation, he discovered three subjects living in the southeast United States, one of whom was in the Atlanta area, with the name of Ben or Benjamin Ortiz. The only investigation plaintiff made of these three individuals was to have the private process server make a telephone call. The private process server averred that he telephoned each of these three subjects and asked if this was the residence of the Benjamin Ortiz that now worked or had previously worked for a company called Evergreen Environmental or had previously resided at 2550 Hargrove Road in Smyrna; at all three listings the private process server received a negative response. On February 17, 1996, without further inquiry or investigation, the private process server informed the plaintiff that he was unable to find Ortiz.

There was no showing by the plaintiff that he made any additional attempts to locate Ortiz other than serving interrogatories on Evergreen requesting Ortiz's address. In response to plaintiff's interrogatories, Evergreen initially stated it would provide plaintiff with Ortiz's address upon receipt. On June 16, 1996, counsel for Evergreen confirmed by telephone that Ortiz did, in fact, reside on Fair Oaks Avenue in Marietta, which was the Atlanta area address that the plaintiff's private process server had previously found approximately four months earlier. Personal service was finally perfected on Ortiz on June 22, 1996, more than five months after the statute of limitation had run on plaintiff's personal injury claims.

Under the evidence presented here, the trial court did not abuse its discretion as a matter of law in deciding that the plaintiff did not exercise reasonable diligence in attempting to perfect timely service on Ortiz as to plaintiff's personal injury claims and in dismissing that portion of plaintiff's complaint without prejudice for that reason. However, the trial court did err in dismissing the plaintiff's personal injury claims against Ortiz with prejudice, because there had been no adjudication on the merits. OCGA §§ 9-11-12 (b); 9-11-41 (b) (2); *Rainwater v. Vazquez*, 133 Ga. App. 173 (210 SE2d 380) (1974); see *O'Kelley v. Alexander*, 225 Ga. 32 (165 SE2d 648) (1969); *Teal v. Reeves*, 144 Ga. App. 666 (242 SE2d 328) (1978). Had Ortiz brought a

motion under OCGA § 9-11-12 (b) (6) on the grounds that the statute of limitation had run, such adjudication would have been on the merits. See *Bennett v. Nelson*, 202 Ga. App. 346 (414 SE2d 291) (1991); *Starr v. Wimbush*, 201 Ga. App. 280, 281 (1) (410 SE2d 776) (1991).

The defendant's motion to dismiss Ortiz for lack of proper and timely service was not a motion for summary judgment, but was a motion pursuant to OCGA § 9-11-12 (b) (4) and (5), i.e., a motion to dismiss for insufficiency of process and insufficiency of service of process. The defense of insufficiency of service of process, along with "[t]he [other] defenses enumerated in § 12 (b) of The Civil Practice Act[,] OCGA § 9-11-12 (b)[,] except (6), failure to state a claim upon which relief can be granted, are matters in abatement which are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement." (Citation and punctuation omitted.) *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (442 SE2d 795) (1994). A dismissal for insufficiency of service of process is a finding by the trial court that service was not perfected in a reasonable and diligent manner within the prescribed statute of limitation and is not a ruling that the plaintiff's action is, in fact, barred by the running of the statute of limitation. On such a motion to dismiss, the trial court cannot determine on the merits that the plaintiff's action is barred by the running of the statute of limitation, because such issue is a factual issue and must eliminate the factual issue of tolling. By dismissing the case for lack of service, the action is abated, and the trial court no longer has jurisdiction to hear evidence that may bear on the tolling of the statute of limitation. The trial court could only dismiss the plaintiff's personal injury claims against Ortiz on the merits on a motion for summary judgment where the evidence is undisputed that there were no material issues of fact which would toll the running of the statute of limitation, thereby allowing the statute of limitation to attach. Therefore, the trial court's dismissal of Wilson's personal injury claims should have been without prejudice. Any attempt by the plaintiff to refile the personal injury claims would show on the face of the complaint that the statute of limitation had run.

(b) Service was perfected on Ortiz within the four-year statute of limitation for property damage. See OCGA § 9-3-31. Therefore, the trial court erred in dismissing the plaintiff's claim for property damage.

2. In his second enumeration of error, the plaintiff alleges that the trial court erred in granting summary judgment to Evergreen on his theory of negligent entrustment and placing an unsafe vehicle on the road.

"Under the doctrine of negligent entrustment, a party is liable if

he entrusts someone with an instrumentality, with *actual* knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." (Citations and punctuation omitted; emphasis in original.) *Worthen v. Whitehead,* 196 Ga. App. 678 (396 SE2d 595) (1990).

There is no evidence of record that Ortiz was a reckless driver, nor is there any evidence that his driving record was poor. More importantly, there is no evidence that Evergreen had actual knowledge that Ortiz had reckless tendencies, had a poor driving record, or was an incompetent or reckless driver. In fact, Ortiz testified that he had not told anyone at Evergreen that he had never driven on ice or snow before. Ortiz's testimony that he had informed his supervisor that he was "worried" about driving in the weather and was instructed by his supervisor to be careful does not give rise to actual knowledge by Evergreen that Ortiz was an incompetent driver.

Contrary to the plaintiff's assertions, the fact that Evergreen did not inquire into Ortiz's experience in driving on icy roads is not material to Evergreen's liability. "Georgia law does not impose the duty upon the owner of an automobile to make investigation of the competency of one who drives his car and discover his reputation as a driver in order to avoid being negligent if it should subsequently be determined that the driver indeed had a reputation for recklessness and incompetency in driving." (Citations and punctuation omitted.) *Worthen,* supra at 678.

Further, for an owner of a vehicle to be held liable for injuries that occur due to an unsafe or defective condition of his vehicle, the plaintiff must show not only that the vehicle was being operated with the owner's consent, but that the owner knew of its defective or unsafe condition. *Koutras v. Lazarus,* 122 Ga. App. 870, 873 (179 SE2d 106) (1970).

Plaintiff has failed to show any evidence that Evergreen had any knowledge of an unsafe or defective condition of the truck driven by Ortiz. In fact, there was no evidence that Evergreen's truck was unsafe or defective. The only testimony as to the truck's condition was given by Ortiz. Ortiz testified that, in general, the truck with the trailer attached was more difficult to handle and stop than when the truck was driven without the trailer. This is normal for any vehicle and was not a defective or unsafe condition of Evergreen's truck. Further, Ortiz testified that he never discussed with anyone at Evergreen whether, due to the weather conditions, he should leave the trailer behind at the apartment complex where the crew was working.

Therefore, under the evidence, there were no material issues of fact for jury resolution, and the trial court was correct in granting

summary judgment in favor of Evergreen on plaintiff's claims of negligent entrustment and placing an unsafe vehicle on the road.

3. In his final enumeration of error, plaintiff alleges that the trial court erred in granting summary judgment to Evergreen on plaintiff's theory of vicarious liability, because Evergreen admitted in its answer that Ortiz was acting within the course and scope of his employment at the time of the collision. We agree.

Evergreen's reliance on *Hosp. Auth. of Calhoun County v. Walker*, 224 Ga. App. 163 (480 SE2d 849) (1996) is misplaced. *Hosp. Auth. of Calhoun County v. Walker*, supra, and the cases cited thereunder stand for the proposition that "[w]here the liability of the master to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, *a judgment on the merits* in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person." (Citations and punctuation omitted; emphasis supplied.) Id. at 165. As held in Division 1, a dismissal for insufficiency of process and insufficiency of service of process is *not* a dismissal on the merits and would not act as a bar to bringing an action against the employer. Therefore, *Hosp. Auth. of Calhoun County v. Walker*, supra, and the cases cited thereunder are not controlling. The merits of the alleged negligence of Ortiz have not been reached and adjudicated.

Evergreen, in its answer, admitted the following allegations made by the plaintiff: "16. At all times germane to this complaint, defendant Oritz [sic] was an employee of defendant Evergreen. 17. At all times germane to this complaint, defendant Oritz [sic] was acting within the scope of the employment or business of defendant Evergreen, such that the relationship of master and servant existed between defendant Evergreen and defendant Oritz [sic]. 18. At all times germane to this complaint, defendant Oritz [sic] was acting as the agent of and in furtherance of the business of defendant Evergreen such that the relationship of master and servant existed between defendant Evergreen and defendant Oritz [sic]." When the admissions are read in conjunction with Count 1, which was specifically incorporated by reference and which specifically describes the collision between the plaintiff and Ortiz, Evergreen's admission of such facts is sufficient to be an admission in solemn judicio that Ortiz was in the scope of his employment at the time of the collision between the plaintiff and Ortiz.

Admissions in solemn judicio constitute a conclusive presumption of law against the pleader as to the truth of the admission. OCGA §§ 24-3-30; 24-4-24; *C & S Realty Investors v. L. G. Balfour Co.*, 152 Ga. App. 852 (264 SE2d 304) (1980). A party to a suit will not be allowed to disprove an admission made in his pleading without first being granted leave by the trial court to withdraw such

pleading from the record. *Friddell v. Rawlins*, 160 Ga. App. 44 (285 SE2d 779) (1981).

This Court held in *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517 (434 SE2d 63) (1993), that when a party has made an admission in judicio in a pleading and the trial court considers conflicting evidence *on the merits* when ruling on a motion for summary judgment or at trial allows the factfinder to consider such conflicting evidence, the trial court has "either sua sponte or by overruling an opposing motion, tacitly permitted the pleading party to withdraw the admission contained in the pleadings. Conversely, when the trial court does not allow the conflicting evidence to be admitted or, where applicable, elects not to consider the issue *on the merits*, the admission of fact made in the pleadings remains in full force and effect as an admission in judicio and is conclusive of the fact admitted. . . . Basically, the rule vests the trial court with discretion to determine whether an admission of fact made in pleadings should be withdrawn, thereby allowing the pleadings to be amended by conflicting evidence admitted and considered on the merits." (Citations omitted; emphasis in original.) Id. at 520.

In this case, in ruling on Evergreen's motion for summary judgment, the trial court considered the affidavits of both Ortiz and George Gober, the chairman and part owner of Evergreen at the time of the collision, in which each averred that Ortiz was not in the scope of his employment at the time of the collision between the plaintiff and Ortiz. By considering such affidavits, the trial court sua sponte allowed Evergreen to withdraw the admission in judicio made in its answer that Ortiz was in the scope of his employment at the time of the subject collision. *Walker v. Jack Eckerd Corp.*, supra, does not address the evidentiary effect of a withdrawn admission in judicio, which becomes an admission against interest after being withdrawn; such admission against interest creates a material conflict with the affidavits of Ortiz and Gober, as a matter of law.

"Admissions contained in a stricken plea may be introduced in evidence by the opposite party. Such admissions when thus made are to be taken as true, because they are asserted by the party himself; and while the party may withdraw them formally from the pleadings, he can not by a mere withdrawal avoid the effect of the admissions, since they may still be used as evidence against him. [Cit.]" *Stallings v. Britt*, 204 Ga. 250, hn. 2 (49 SE2d 517) (1948). Thus, on summary judgment, such admission, which the trial court had allowed to be withdrawn, would no longer be a solemn admission in judicio, but would create a conflict of fact, since "a jury may accord them credence and effect upon the trial of a case. [Cits.]" *Walker v. Sutton*, 222 Ga. App. 638, 641 (476 SE2d 34) (1996). The weight to be given the withdrawn admission by Evergreen was for a jury to decide. *Duffee v.*

*Rader,* 178 Ga. App. 517 (344 SE2d 258) (1986); *Joyner v. William J. Butler, Inc.,* 143 Ga. App. 219 (237 SE2d 685) (1977).

Therefore, since a material issue of fact existed, it was error for the trial court to grant summary judgment to Evergreen on the theory of respondeat superior.

*Judgment affirmed in part and reversed in part. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 31, 1998 —
RECONSIDERATION DENIED APRIL 14, 1998.

*Eric C. Silver,* for appellant.

*Jenkins & Nelson, Frank E. Jenkins III, Peter R. Olson,* for appellees.