### S98G1598. MILLER v. GRAND UNION COMPANY.
(512 SE2d 887)

CARLEY, Justice.

Grand Union Company employed Richard Strickland and Frank Fox as security guards at one of its retail stores. When Fox purportedly observed a shoplifting, he and Strickland detained both Lolita Miller and Ametrius Nicely. Eventually, Ms. Nicely was convicted of theft by shoplifting, but the criminal charges against Ms. Miller were nolle prossed because of an exculpatory affidavit given by Fox. In exchange for the affidavit, Ms. Miller executed a covenant not to sue Fox. Ms. Miller brought suit against Grand Union asserting, among her other claims, false imprisonment, assault, and battery based upon a theory of vicarious liability for Fox's conduct. Grand Union moved for summary judgment on the ground that the covenant not to sue Fox absolved it of liability to Ms. Miller. The trial court denied Grand Union's motion for summary judgment, but certified its order for immediate review. The Court of Appeals granted Grand Union's application for interlocutory appeal and, relying on *Posey v. Medical Center-West,* 257 Ga. 55 (354 SE2d 417) (1987) and *Harris v. Hanna Creative Enterprises,* 208 Ga. App. 549 (1) (430 SE2d 846) (1993), reversed. The Court of Appeals held that, "[w]here an employer's liability for the tortious acts of its employee rests on the doctrine of respondeat superior, a covenant not to sue the employee bars the plaintiff from maintaining an action against the employer." *Grand Union Co. v. Miller,* 232 Ga. App. 857, 860 (2) (503 SE2d 49) (1998). We granted certiorari to review this holding. We conclude that the execution of either a covenant not to sue or a release in favor of an employee does not discharge an employer who is alleged to be vicariously liable for the tortious acts or omissions of that employee, unless the instrument names the employer.

1. There is a distinction between a release and a covenant not to

---

"the servient owner is left to his remedy in the courts by way of injunction and damages." Pindar, § 8-30.

sue. Whereas a release extinguishes the entire cause of action, a covenant not to sue merely prevents the institution of a civil action against the party named therein. See *Brantley Co. v. Briscoe,* 246 Ga. 310, 312 (1) (271 SE2d 356) (1980). Because a covenant not to sue does not extinguish the entire cause of action, it has always been the law of this state that such an instrument discharges only those parties who actually are named therein. See *Brantley Co. v. Briscoe,* supra at 312 (1). Thus, an injured party who enters into a covenant not to sue an employee does not thereby extinguish his cause of action, and he will not be barred from pursuing a claim against the unnamed employer who may be vicariously liable. *Otis v. Wren Mobile Homes,* 111 Ga. App. 649 (143 SE2d 8) (1965).

Prior to *Posey v. Medical Center-West,* supra, the rule was different for releases. Because it extinguishes a cause of action, a release given to one joint tortfeasor was deemed to discharge even the unnamed joint tortfeasors, including the unnamed master whose liability was based upon the principle of respondeat superior. See *Giles v. Smith,* 80 Ga. App. 540, 542 (1) (e) (56 SE2d 860) (1949). However, in *Posey,* supra at 59, we adopted a new rule and held that "[a] valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them. [Cit.]" Thus, *Posey* abolished the distinction between the effect that a release and a covenant not to sue has on the potential liability of an unnamed party. Just as in the case of a covenant not to sue, "[o]nly those parties *named* in the release will be discharged by that instrument." (Emphasis in original.) *Lackey v. McDowell,* 262 Ga. 185, 186 (415 SE2d 902) (1992). While the effect of a release may still be to extinguish a cause of action, under the post-*Posey* rule the instrument will have that effect only as against the parties actually named therein.

Accordingly, *Posey* did not purport to change the law regarding covenants not to sue. *Posey* merely changed the law as it related to releases by limiting the effect of those instruments to the named parties, as has always been the rule with covenants not to sue. Nothing in *Posey* indicates that its holding applies only in the limited context of traditional joint tortfeasors or that it has no applicability in a case involving vicarious liability. "Although the liability of the master and the servant is joint and several, the same principles apply to them in an action based solely on the negligence of the servant as would apply in actions against joint tort-feasors. [Cit.]" *Giles v. Smith,* supra at 542 (1) (e). Georgia courts, as well as the courts of most other states, have treated the master as if he were a joint tortfeasor with his servant. Anno., 92 ALR2d 533, 539, § 3 [b] (1963). Thus, *Posey* requires that the master be named in a release if he is to be discharged thereby. See *Lackey v. McDowell,* supra. See also *Saranil-*

*lio v. Silva*, 889 P2d 685 (Hawaii 1995); *Brady v. Prairie Material Sales*, 546 NE2d 802, 807-810 (Ill. App. 2 Dist. 1989); *Manar v. Parks Lane Med. Center*, 753 SW2d 310, 312 (I) (Mo. App. 1988); *Knutson v. Morton Foods*, 603 SW2d 805, 808 (Tex. 1980); *Alaska Airlines v. Sweat*, 568 P2d 916, 928 (IV) (Alaska 1977); Anno., 92 ALR2d 533 (1963). To the extent that *Harris v. Hanna Creative Enterprises*, supra, or any other case suggests that a release which names only the employee has the effect of also releasing the employer from liability, such a holding is premised upon a misinterpretation of *Posey* and is hereby specifically overruled.

2. Because this case involves a covenant not to sue, rather than a release, *Posey* has no substantive bearing on its outcome. Under the law as it has always existed in this state, a covenant not to sue discharges only the party or parties actually named therein. This is entirely consistent with the rule in other jurisdictions, which "similarly allow recovery against an employer following execution of a covenant not to sue an employee, even without an express reservation. [Cits.]" *Dworak v. Olson Constr. Co.*, 551 P2d 198, 200 (II) (Colo. 1976). Although *Posey* changed the law, it did so by making applicable to releases the requirement of naming the party or parties to be discharged thereby. Because only Fox was named in the covenant not to sue executed by Ms. Miller, Grand Union was not discharged by that instrument. Therefore, the Court of Appeals erred in reversing the trial court's denial of Grand Union's motion for summary judgment as to Ms. Miller's claims of false imprisonment, assault, and battery based upon the theory of vicarious liability for Fox's conduct. However, this holding does not affect the Court of Appeals' reversal of the trial court's denial of summary judgment as to the remaining claims.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 22, 1999.

*Steven A. Cook, Steven L. Beard,* for appellant.
*Hall, Booth, Smith & Slover, Robert L. Shannon, Jr.,* for appellee.