A00A0789. BULLARD v. ELGIN FEDERAL SAVINGS & LOAN
ASSOCIATION.
(531 SE2d 113)

McMURRAY, Presiding Judge.

In this case's first appearance this Court affirmed the superior court's grant of defendant West Star Financial Corporation's ("West Star") motion to set aside default judgment for lack of service of process.[1] Thereafter, appellant-plaintiff Sparkle Bullard ("plaintiff") amended her complaint against West Star, AFI Mortgage Corporation ("AFI"), and Beal Banc, S.A. ("Beal") to add appellee-defendant Elgin Federal Savings & Loan Association ("Elgin") and Wendover Funding Corporation ("Wendover") as parties. As amended, plaintiff's complaint sought damages for wrongfully threatening foreclosure of her home on behalf of Elgin as owner of an interest in the deed to secure debt on plaintiff's home. The superior court granted Elgin's motion for summary judgment on the issue of vicarious liability, and this appeal followed. Subsequently, plaintiff voluntarily dismissed her complaint, as amended, against West Star, Beal, and Wendover without prejudice, leaving only AFI and Elgin in her lawsuit. Elgin later moved to dismiss the appeal as moot, arguing that plaintiff's claim against Elgin did not survive plaintiff's dismissal of Elgin's alleged agents in wrongful foreclosure because it rested upon the doctrine of respondeat superior alone. *Held:*

1. We decline to grant Elgin's motion to dismiss the appeal, noting that while plaintiff has voluntarily dismissed her cause of action against all of Elgin's alleged subagents less AFI, she has not done so as to Elgin. This result is not inconsistent with the recent decision of our Supreme Court in *Miller v. Grand Union Co.,*[2] in which the Supreme Court held that neither a covenant not to sue nor a release in favor of an employee is sufficient to discharge an employer who is alleged to be vicariously liable for the tortious acts or omissions of

---

[1] *Bullard v. West Star Financial Corp.,* 231 Ga. App. 521 (500 SE2d 51).
[2] 270 Ga. 537 (512 SE2d 887).

such employee, "unless the instrument names the employer."[3] Plaintiff named Elgin in the voluntary dismissal she filed in the case sub judice only to state that "[b]y this pleading [she did] not dismiss her Complaint against [AFI] or her Complaint or appeal against [Elgin]."

2. Further, we conclude that the superior court erred in granting summary judgment to Elgin.

Elgin supported its motion for summary judgment by pointing to a document denominated "First Mortgage Participation Agreement" (the "Agreement"), arguing that it could not be vicariously liable for the actions of its co-defendants for want of an agency relationship under the Agreement with respect to the enforcement of loans in default.

Under the Agreement Fulton Federal Savings & Loan Association of Atlanta (predecessor-in-interest to Elgin's co-defendants) as "Owner" and servicing agent assigned and transferred to Elgin as "Participant" a 90 percent[4] interest in certain deeds securing home mortgages, among them that which attached to plaintiff's home. Paragraph 11 of the Agreement pertinently provided that:

> *Owner shall have the sole discretion as to how and when to take the necessary steps to enforce collections of loans in default, including, without limiting the general terms, the right to employ counsel and incur expenses incidental to collection, foreclosure or otherwise*; provided that loans in default more than ninety (90) days shall be the subject of prompt foreclosure procedure, unless Owner and Participant agree otherwise in writing.

(Emphasis supplied.)

While Paragraph 11 of the Agreement thus gave the co-defendant owners and servicing agents sole authority to decide "how" and "when" enforcement action should be taken as to loans in default, it did not expressly give them the authority to determine "whether" such action should be initiated. Moreover, by its own terms, Paragraph 11 gave participant Elgin a right to participate in decisions excepting distressed mortgages from prompt foreclosure.

Plaintiff opposed Elgin's motion for summary judgment by filing her response to which she attached a West Star letter to Elgin, dated August 10, 1994. Therein West Star recommended that plaintiff's loan be foreclosed for uncollectible debt and sought Elgin's approval of foreclosure action. On its face, the letter shows Elgin's apparent

---

[3] Id.

[4] The Agreement when signed in 1971 gave Elgin a 75 percent participation interest; by 1973, Elgin's interest had grown to a 90 percent participation interest.

approval of such action by the signature of its representative, dated August 11, 1994.

Upon the appeal of the grant of summary judgment, this Court reviews the evidence de novo. Summary judgment is proper where the movant shows no genuine issue of material fact exists and entitlement to summary judgment as a matter of law. A defendant carries this burden by demonstrating the absence of evidence as to one essential element of plaintiff's case. Should the defendant do so, the plaintiff " 'cannot rest on (her) pleadings, but rather must point to specific evidence giving rise to a triable issue.' "[5]

Viewed in a light most favorable to plaintiff, the evidence shows that a genuine issue of material fact remains on the issue of imputed liability.[6] Under these circumstances, the superior court erred in granting summary judgment to Elgin.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 10, 2000 —
RECONSIDERATION DENIED MARCH 31, 2000 — 

*Michael P. Froman, Jeffrey L. Sakas,* for appellant.
*Culbreth & Sharoney, Abraham A. Sharoney,* for appellee.

---

[5] (Citations omitted.) *Jackson v. K-Mart Corp.,* 242 Ga. App. 274, 275 (529 SE2d 404).
[6] Id.; see also *Taverrite v. Lowe's of Franklin, Inc.,* 166 Ga. App. 346, 348 (1) (304 SE2d 78).