## S99G0754. HEDQUIST et al. v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. et al.

(528 SE2d 508)

BENHAM, Chief Justice.

In October 1994, appellants John H. Hedquist, Jr., Marianne Hedquist, and John H. Hedquist III, the latter both individually and as the trustee for a profit sharing plan and trust, filed suit against appellee Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch"), a Merrill Lynch employee, and several other individuals, seeking damages allegedly resulting from actions purportedly taken by the defendants in December 1990. In December 1996, the Hedquists dismissed with prejudice their complaint against the Merrill Lynch employee.[1] The dismissal with prejudice stated specifically that it did not apply to any of the other named defendants. A year later, the trial court entered an order dismissing the claims against Merrill Lynch, finding that the Hedquists had failed to state a claim upon which relief could be granted since the claims against Merrill Lynch were predicated on the purported acts of the Merrill Lynch employee whom the plaintiffs had voluntarily dismissed with prejudice from the case. Relying on its decision in *Harris v. Hanna Creative Enterprises*, 208 Ga. App. 549 (1) (430 SE2d 846) (1993),[2] the Court of Appeals affirmed the trial court's decision, ruling that the Hedquists' dismissal with prejudice of the employee operated as an adjudication on the merits and that, in a suit by the third party based on the doctrine of respondeat superior, a judgment on the merits in favor of the employee against the third party is res judicata in favor of the employer. *Hedquist v. Merrill Lynch &c.*, 236 Ga. App. 181 (1) (511 SE2d 558) (1999). We granted the Hedquists' petition for a writ of certiorari, asking the parties to address whether the Court of Appeals erred in holding that tort claims against an employer which are based on the doctrine of respondeat superior must be dismissed if the suit against the allegedly negligent employee has been dismissed with prejudice. We agree with the Court of Appeals that, under res judicata, an employer is entitled to dismissal of the third party's tort action based on respondeat superior when the employee's dismissal from the case resulted from an adjudication on the merits; however, we disagree with the Court of Appeals' determination that a plaintiff's voluntary dismissal with prejudice of the employee constitutes

---

[1] Before dismissing the claim against the employee with prejudice in December 1996, the Hedquists had dismissed their claims against the employee without prejudice in April 1995; had dismissed their claims against Merrill Lynch without prejudice in April 1996; and had re-filed their complaint against the employee and Merrill Lynch in October 1996.

[2] *Harris v. Hanna Creative Enterprises* was overruled in part in this Court's decision in *Miller v. Grand Union Co.*, 270 Ga. 537 (512 SE2d 887) (1999), decided after the Court of Appeals' decision in the case at bar.

an adjudication on the merits. Furthermore, we do not endorse Merrill Lynch's contention that the portion of the renewal action filed against the employee in October 1996 was dismissed as a matter of law on statute of limitation grounds. Accordingly, we reverse the judgment of the Court of Appeals.

1. "[W]here the liability of the [employer] to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, a judgment on the merits in favor of the [employee] and against the third person is res judicata in favor of the [employer] in a suit by such third person. . . ." *Gilmer v. Porterfield*, 233 Ga. 671 (1) (212 SE2d 842) (1975). A judgment on the merits is one which adjudicates the liability of the defendant to the plaintiff. *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974). A dismissal with prejudice of the action against the allegedly negligent employee does not impose a bar to further litigation against the vicariously liable employer because the dismissal with prejudice "adjudicates only the non-liability of that defendant to the plaintiff [and] is not the equivalent of a judgment rendered in favor of the plaintiff against the defendant. . . ." Id. As the Court of Appeals stated in *Thornton v. Ware County Hosp. Auth.*, 215 Ga. App. 276 (1) (450 SE2d 260) (1994),

> [a]n adjudication of nonliability . . . is not necessarily a definitive adjudication on the issue of negligence; it does not preclude a finding that the [dismissed party was] negligent. Conclusive establishment of the [employer's] liability, however, necessarily depends upon a definitive adjudication of the absence of *negligence*, and not merely liability, on the part of the [employee]. Absent such a definitive adjudication the [employer] is not entitled to summary judgment. The fact issue regarding the negligence of the [employee] remains to be litigated and adjudicated.

See also *Wilson v. Ortiz*, 232 Ga. App. 191 (3) (501 SE2d 247) (1998), where the Court of Appeals reversed the grant of summary judgment to the vicariously liable employer because the dismissal of the action against the employee for insufficient process and insufficient service thereof was not a dismissal on the merits.

At odds with the aforementioned principles is our holding in *Dept. of Human Resources v. Poss*, 263 Ga. 347, 349 (434 SE2d 488) (1993), where we held that a vicariously liable employer was entitled to summary judgment when the statute of limitation had expired without suit having been filed against the allegedly negligent employee. By basing our holding that the vicariously liable employer could not be held liable for the negligence of an employee on our

determination that the employee could not be held liable, we erroneously treated the non-liability of the employee as an adjudication of the absence of negligence on the part of the employer. Accordingly, we must now overrule that portion of *Dept. of Human Resources v. Poss* which conflicts with our holding today.

2. In the case at bar and in *Hosp. Auth. of Calhoun County v. Walker*, 224 Ga. App. 163 (2) (480 SE2d 849) (1996), the Court of Appeals used language from our opinions in *Fowler v. Vineyard*, 261 Ga. 454 (2) (405 SE2d 678) (1991), and *Marchman & Sons v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983), to support the proposition that a voluntary dismissal with prejudice is the equivalent of an adjudication on the merits which bars the plaintiff from bringing an action against the vicariously liable employer of the employee whom the plaintiff voluntarily dismissed with prejudice from the case. After re-examining *Fowler* and *Marchman*, we conclude that the Court of Appeals overstated the *Fowler* and *Marchman* holdings in the case at bar and in *Hosp. Auth. of Calhoun County v. Walker*.

In *Fowler*, this Court ruled that a voluntary dismissal with prejudice "operates as an adjudication on the merits of the claim and bars the right to bring another action on the same claim. See *Rowland v. Vickers*, [supra]; *Marchman & Sons v. Nelson*, [supra]." In *Marchman*, this Court had held that a voluntary dismissal with prejudice "is not, in truth, a determination of the issues in the case [but] merely functions as, or operates as, an adjudication of those issues [since] [i]t is a final disposition[; i]t bars the right to bring another action on the same claim or cause." In so holding, the *Marchman* Court rejected the contention of some of the dismissed defendants that the plaintiffs' dismissal with prejudice of all the defendants after settling with some of them was an adjudication on the merits in favor of the non-settling dismissed defendants which barred their former co-defendants' suit against them for contribution. In *Fowler*, this Court determined that res judicata barred Vineyard, who had voluntarily dismissed with prejudice a cross-claim for contribution and indemnification in an earlier suit, from subsequently bringing suit against the cross-claim defendants for damages resulting from the personal injuries sustained as a result of the underlying tort. The factual scenarios of *Fowler* and *Marchman* make it clear that a voluntary dismissal with prejudice constitutes a final disposition of the underlying action only as far as the parties involved in the voluntary dismissal are concerned: Vineyard could not sue the person he had voluntarily dismissed, and Nelson could not use his voluntary dismissal from the plaintiff's tort action to terminate the action for contribution brought against him by his former co-defendants. As far as the parties involved in the voluntary dismissal with prejudice are concerned, the dismissal constitutes a final disposition of the action

so dismissed, and res judicata will bar any attempt by one party to the dismissal to litigate the dismissed claim against the dismissed party under another guise. See, e.g., *Fowler v. Vineyard*, supra; *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223 (3) (438 SE2d 686) (1993). We hold expressly that the effect of a voluntary dismissal does not extend to any party not named therein. This holding is in keeping with our previous determination in *Miller v. Grand Union Co.*, 270 Ga. 537 (512 SE2d 887) (1999), that a plaintiff's "execution of either a covenant not to sue or a release in favor of an employee does not discharge an employer who is alleged to be vicariously liable for the tortious acts or omissions of that employee, unless the instrument names the employer."

We recognize that there are, however, situations in which a voluntary dismissal with prejudice of a suit against an employee does affect the suit against the vicariously liable employer. Where a dismissal with prejudice of an employee is statutorily described as an adjudication on the merits or its equivalent, that dismissal will have a res judicata effect on the plaintiff's case against the vicariously liable employer. See, e.g., *Hosp. Auth. of Calhoun County v. Walker*, supra, 224 Ga. App. 163 (2) (where the plaintiff's third voluntary dismissal of the employee is statutorily described as "an adjudication on the merits" (OCGA § 9-11-41 (a)), the judgment entered thereon may be the basis of a res judicata defense asserted by the employer sued under respondeat superior); *Hodo v. Basa*, 214 Ga. App. 895, 896 (449 SE2d 523) (1994) (where the plaintiff's professional malpractice action was not accompanied by an expert's affidavit and was dismissed for failure to state a claim pursuant to OCGA § 9-11-9.1, that dismissal "is a final adjudication on the merits" which can preclude an action under respondeat superior against the employer).

3. Appellee Merrill Lynch asserts that the judgment entered by the trial court and affirmed by the Court of Appeals should be affirmed by this Court because the underlying claims against the employee were barred as a matter of law under our renewal statute, OCGA § 9-2-61 (a). Merrill Lynch maintains that appellants' October 1996 renewal action against Merrill Lynch and its employee, while filed within six months of appellants' April 1996 voluntary dismissal without prejudice of Merrill Lynch, was not filed within six months of appellants' April 1995 voluntary dismissal without prejudice of the employee. See OCGA § 9-2-61 (a).[3] Both Merrill Lynch and its

---

[3] OCGA § 9-2-61 (a) states: "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ."

employee asserted the affirmative defense of the expiration of the statute of limitation in their answers to the Hedquists' renewed complaint; however, the renewal action against the employee was voluntarily dismissed with prejudice before the trial court ruled on the affirmative defense. In essence, Merrill Lynch contends that the renewal action untimely filed against the employee should be considered dismissed by operation of law. However, while a trial court is authorized to dismiss the complaint for failure to state a claim when a lawsuit is filed after the expiration of the statute of limitation (*Drohan v. Carriage Carpet Mills*, 175 Ga. App. 717 (1) (334 SE2d 219) (1985)), until such time as the trial court rules on an asserted affirmative defense, the action is voidable, not void. *Reid v. U. S. Fidelity &c. Co.*, 223 Ga. App. 204 (1) (477 SE2d 369) (1996), aff'd, *U. S. Fidelity &c. Co. v. Reid*, 268 Ga. 432 (491 SE2d 50) (1997). See also *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994) ("[U]nless'and until the trial court enters an order dismissing a valid action, it is merely voidable and not void."). Accordingly, the renewal action was not dismissed by operation of law.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 13, 2000.

*Rosemary S. Armstrong*, for appellants.

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Linda R. Greer, Rogers & Hardin, Brett A. Rogers, Richard H. Sinkfield, Paul W. Stivers*, for appellees.

*Judgment reversed. All the Justices concur.*

