A01A0078. MILLER v. GRAND UNION COMPANY.
(552 SE2d 491)

POPE, Presiding Judge.

This is the second appearance of this case before this Court. In the first action, Grand Union Company d/b/a Big Star Food Markets appealed from the trial court's denial of its motion for summary judgment in an action filed by Lolita E. Miller. Miller's action asserted claims for malicious prosecution, false imprisonment, and negligent hiring, retention, and supervision arising from an incident in which she was arrested for shoplifting in a Grand Union grocery store. This Court reversed the trial court's order, holding that Grand Union

---

should have been granted summary judgment on all counts of Miller's complaint. *Grand Union Co. v. Miller*, 232 Ga. App. 857 (503 SE2d 49) (1998).[1] In particular, we held in Division 2 of that opinion that the trial court erred in denying Grand Union's motion for summary judgment on Miller's claims of false imprisonment and assault and battery on a theory of respondeat superior based upon the conduct of its employee Fox. This Court found that because Miller had signed a covenant not to sue Fox, she was barred from pursuing any claims against Grand Union for respondeat superior based upon his conduct. *Grand Union*, 232 Ga. App. at 860-861 (2).

The Supreme Court of Georgia granted certiorari in the case and reversed our holding in Division 2. *Miller v. Grand Union Co.*, 270 Ga. 537, 539 (2) (512 SE2d 887) (1999). The court concluded that "the execution of either a covenant not to sue or a release in favor of an employee does not discharge an employer who is alleged to be vicariously liable for the tortious acts or omissions of that employee, unless the instrument names the employer." Id. at 537. The Supreme Court specifically noted, however, that its holding as to Division 2 "does not affect the Court of Appeals' reversal of the trial court's denial of summary judgment as to the remaining claims." Id. at 539 (2). This Court subsequently issued an opinion in accordance with the Supreme Court's ruling, *Grand Union Co. v. Miller*, 237 Ga. App. 453, 454 (517 SE2d 533) (1999).

Following the return of the remittitur, the trial court entered an order stating that Miller's respondeat superior claims for false imprisonment and assault and battery, based upon Fox's conduct, along with her claims for punitive damages and attorney fees, remained for adjudication and granting summary judgment on the remaining claims. Grand Union moved for reconsideration of that order on the ground that this Court's ruling on Miller's respondeat superior claims for false imprisonment and assault and battery based upon the conduct of its second employee, Strickland, effectively precluded any recovery on the remaining claims. The trial court agreed and granted Grand Union's motion. Miller appeals from that order and from the trial court's order granting Grand Union costs on the initial appeal.

1. Miller contends that the trial court's grant of Grand Union's motion for reconsideration is in direct conflict with the Supreme Court's opinion in *Miller* and overlooks Fox's role in her arrest. She asserts that an issue of fact exists as to her remaining claims because Fox later signed an affidavit stating that he did not believe that she had participated in the shoplifting.

---

[1] The facts underlying this case are more fully set out in this opinion.

As an initial matter, we note that the trial court's order is not in direct conflict with the ruling of the Supreme Court in *Miller*. Both this Court and the Supreme Court addressed only the effect of the covenant not to sue Fox in relation to Miller's claims against Grand Union arising out of Fox's conduct. Neither court addressed the underlying merits of the claims. Because the trial court's ruling, in contrast, turns on the merits of the claims, there is no inherent conflict.

By the same token, the prior appellate decisions did not, as the trial court found, definitively decide all the remaining issues. Rather, the trial court's order granting Grand Union's motion for reconsideration as to some of the claims was, in effect, an order granting summary judgment on the remaining claims. We now review the trial court's ruling in that light.

(a) As to the claim of false imprisonment, this Court ruled that Strickland's actions did not constitute false imprisonment because the facts related by Fox to Strickland provided "a reasonable basis for Strickland's detention of Miller." *Grand Union*, 232 Ga. App. at 861 (3) (a). We also found that Strickland's actions were not in violation of the store's policies. Id. at 862 (3) (b). Nevertheless, Miller argues that Fox's later statements that Miller did not assist in the shoplifting demonstrate that the information Fox provided Strickland was not true. Therefore, she contends that Grand Union could still be liable for Fox's misstatements, which resulted in her detention.

Subsequent to Miller's arrest for shoplifting, Fox signed an affidavit in exchange for a covenant not to sue from Miller. In that affidavit, prepared by Miller's counsel, Fox stated that at the time of the incident it was his opinion that Miller "was not guilty of assisting in the shoplifting involving Ms. Nicely." He also stated that he did not see Miller attempt to assist Nicely in shoplifting cigarettes.

In his deposition, however, Fox clarified these statements. He said that when Nicely put the cigarettes in her purse, he saw Miller walk down to the end of the aisle and look back and forth. At that point he had the impression that she was watching out so Nicely could put the cigarettes in her purse. But later, when Fox observed Miller walking away from her friend and head out the store, he said that he believed that she had changed her mind about participating in the shoplifting. Therefore, by the end of the occurrence, he did not believe that Miller should be arrested for shoplifting.

When Fox told Strickland to intercept Miller and Nicely, he believed that he had observed firsthand that Nicely had attempted to conceal or take possession of Grand Union's merchandise and that Miller may have been serving as a lookout for Nicely to shoplift. Because Fox had reasonable cause to believe that shoplifting was in progress, Fox was authorized to instruct Strickland to intercept the

two women and investigate further. See *Brown v. Super Discount Markets*, 223 Ga. App. 174, 175 (477 SE2d 839) (1996); *Brown v. Winn-Dixie Atlanta*, 194 Ga. App. 130, 132 (389 SE2d 530) (1989); OCGA § 51-7-60. Therefore, a reasonable basis existed for Miller's initial detention by Grand Union's employees, and no claim for false imprisonment exists on that basis.

And as we previously noted in *Grand Union*, the fact that Fox later decided that Miller should not be arrested could provide support for her claim for malicious prosecution. 232 Ga. App. at 861 (3) (a). But we also held that summary judgment was appropriate on that claim because the termination of her prosecution had been secured through compromise. Id. at 860 (1). This same evidence does not, however, support a claim for false imprisonment:

> False imprisonment is an intentional tort, not a tort of negligence. In an action to recover damages for illegal arrest or false imprisonment the only essential elements are the arrest or detention and the unlawfulness thereof. With regard to the element of unlawfulness in the tort of false imprisonment, the law has always made a fundamental distinction between a detention effectuated pursuant to process and detention which is not predicated on process. An action for false imprisonment will lie where a person is unlawfully detained under a void process, or under no process at all, and cannot be maintained where the process is valid, no matter how corrupt may be the motives of the person suing out the process or how unfounded the imprisonment may be. . . . Where the arrest is by valid process regularly sued out, action for malicious prosecution is the only remedy.

(Citations and emphasis omitted.) *Joseph v. Home Depot*, 246 Ga. App. 868, 872 (3) (542 SE2d 618) (2000).

Accordingly, we find that the trial court properly granted summary judgment on Miller's respondeat superior claim of false imprisonment arising from Fox's actions. See *Costrini v. Hansen Architects*, 247 Ga. App. 136, 137 (1) (543 SE2d 760) (2000) (grant of summary judgment must be affirmed if right for any reason).

(b) Similarly, we find that Miller's claims for assault and battery also were subject to summary judgment. The evidence in the record showed that Strickland, not Fox, physically detained Miller by placing her in the "escort position." Under this method, the security personnel reaches behind the suspected shoplifter and puts his hands on the back of the arms to control the suspect. In *Grand Union*, we held that Strickland's actions did not give rise to claims for assault and battery. 232 Ga. App. at 862 (4). And we have now held that Fox's

actions in instructing Strickland to detain Miller were lawful. Because there is no evidence that Fox himself touched Miller in any way, we agree with the trial court that Miller has no claims for assault and battery against Grand Union in connection with Fox's actions.

2. Miller next asserts that the trial court erred in awarding appellate costs in the amount of $1,040.90 to Grand Union pursuant to OCGA § 5-6-5. That statute states: "If there is a judgment of reversal, the appellant shall be entitled to a judgment for the amount of the costs in the appellate court against the appellee as soon as the remittitur is returned to the court below." OCGA § 5-6-5. Miller notes that although Grand Union won a complete reversal in this Court, the Supreme Court's subsequent reversal as to Division 2 made Grand Union's victory incomplete. Therefore, she argues that it is not entitled to an award of costs.

Even though Grand Union did not ultimately secure a complete reversal, it did obtain a substantial modification of that original order when this Court reversed the trial court's denial of summary judgment and the Supreme Court affirmed as to all but two of Miller's claims. Accordingly, we find no error in the trial court's award of costs. See *Burritt v. Media Marketing*, 242 Ga. App. 92, 95 (4) (527 SE2d 890) (2000).

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JULY 10, 2001 —
RECONSIDERATION DENIED JULY 26, 2001 — ▮

*Steven L. Beard, Steven A. Cook*, for appellant.
*Hall, Booth, Smith & Slover, Robert L. Shannon, Jr.*, for appellee.